UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| DON A. SPRAGGINS, | Civil No. | 11CV851 WQH (WVG) |
|---|---|---|
| Plaintiff, | | |
| vs. | **ORDER** | |
| JUDGE WILLIAM F. MORSE; STATE OF ALASKA, | | |
| Defendants. | | |

The matter before the Court is Plaintiff's Motion for Leave to Proceed In Forma Pauperis. (ECF No. 2).

**BACKGROUND**

On April 21, 2011, Plaintiff Don A. Spraggins, a nonprisoner proceeding pro se, initiated this action by filing the Complaint against Defendant the Hon. Judge William F. Morse ("Judge Morse") and Defendant State of Alaska. (ECF No. 1). On that same day, Plaintiff filed the Motion for Leave to Proceed In Forma Pauperis. (ECF No. 2).

**I.    Motion to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed in forma pauperis pursuant to 28 U.S.C.

§ 1915(a). *See Rodriguez v. Cook,* 169 F.3d 1176, 1177 (9th Cir. 1999).

In his declaration accompanying the Motion to Proceed In Forma Pauperis, Plaintiff states that he is employed and receives $1,000 per month as well as $120 per month in veteran disability benefits. Plaintiff states that he has two checking accounts with $100 in each account and Plaintiff has two savings accounts with $100 in each account. Plaintiff states that he does not have any other significant assets such as a vehicle, real estate, stocks, bonds or securities. Plaintiff states that contributes $400 a month to support his children and $300 a month to support his ex-wife. Plaintiff states that he incurs a debt of $200 per month in student loans.

The Court has reviewed Plaintiff's declaration of assets and finds it is sufficient to show that Plaintiff is unable to pay the fees or post securities required to maintain this action. The Court **GRANTS** the Motion to Proceed In Forma Pauperis (ECF No. 2) pursuant to 28 U.S.C. § 1915(a).

**II.     Initial Screening Pursuant to 28 U.S.C. § 1915(e)(2)(b)**

After granting in forma pauperis status, the Court must review complaints filed by all persons and dismiss the case if the complaint "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Federal Rule of Civil Procedure 8 provides: "A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction...; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought...." Fed. R. Civ. P. 8(a). Rule 8(d) provides that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d). The standard used to evaluate a motion to dismiss is a liberal one, particularly when the action has been filed pro se. *See Estelle v. Gamble*, 429 U.S. 97, 97 (1976). "[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). However, even a "liberal interpretation ... may not supply elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d

266, 268 (9th Cir. 1982).

## ALLEGATIONS OF THE COMPLAINT

Plaintiff asserts that his right to due process, his right to be free from cruel and unusual punishment, his right to equal protection, and his right of access to the court, were denied by Defendants Judge Morse and the State of Alaska.  Plaintiff alleges that in March 2010, he filed a motion to reopen a case which had been filed in April 1997 and disposed of in November 1997 and submitted a "sworn complaint."  (ECF No. 1 at 3).  Plaintiff alleges that Defendant Judge Morse "denied [Plaintiff's] sworn complaint that Sherina Cox [Plaintiff's ex-wife] had made wild and false statements under oath in case 3AN-95-286CI." *Id*. at 4. Plaintiff alleges that "[s]ince August 1994 the State of Alaska has allowed the defendant to continuously make wild and false allegations to deprive [Plaintiff] of [his] Civil Rights.  They honored her statements as truth."  *Id*. at 3.  Plaintiff alleges that "the evidence shall speak for itself" and cites to five Alaska case numbers, a "Wasilla police report," "[the] Judge's findings," and Plaintiff's "sworn" criminal complaint against Sherina Cox.  *Id*.

Plaintiff alleges several incidents between December 1994 through November 1997 in which Plaintiff's ex-wife filed a "false rape report," filed a "false domestic violence report," "made false statements under oath," "made false statements to [police officers]," and "made wild and false statements under oath" against Plaintiff.  *Id*. at 4-5.  Plaintiff also alleges several incidents between December 1994 through November 1997 in which several judges, other than Defendant Judge Morse, and Alaska state agencies "Denied [Plaintiff's] right to justice," failed to respond to Plaintiff's report that Sherina Cox had made "wild and false statements," "denied [Plaintiff] due process in determining child support payments," "coerced [Plaintiff] to change his plea from not guilty to no-contest by threatening to force [his] 8 year old daughter to testify," "denied [Plaintiff equal protection under local domestic violence laws," and "knew about the actions of Sherina Cox and did nothing."  *Id*.  Plaintiff alleges that Shirley Vincent, Alaska child care assistance program worker, also made a false allegation to Plaintiff's military commander in June 1995 while she was "acting with the State Attorney General" and "accus[ing Plaintiff] of a crime with no due process."  *Id*. at 3.

To state a claim under § 1983, Plaintiff must allege that:  (1) the conduct he complains

3

of was committed by a person acting under color of state law; and (2) that conduct violated a right secured by the Constitution and laws of the United States. *Humphries v. County of Los Angeles*, 554 F.3d 1170, 1184 (9th Cir. 2009) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).

The Fourteenth Amendment provides that: "[n]o state shall ... deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972). To state a procedural due process claim, Plaintiff must allege: "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process." *Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000). The Court concludes the Complaint fails allege facts to support a claim for violation of the Due Process Clause against Defendants Judge Morse and the State of Alaska.

"[T]he eighth amendment proscribes cruel and unusual punishment for convicted inmates ...." *Redman v. County of San Diego*, 942 F.2d 1435, 1441, n.7 (9th Cir. 1991). Plaintiff does not allege that he was a prisoner. The Court concludes the Complaint fails allege facts to support a claim for violation of the Eighth Amendment's prohibition of cruel and unusual punishment against Defendants Judge Morse and the State of Alaska.

Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose. *See San Antonio School District v. Rodriguez*, 411 U.S. 1 (1972). In order to state a constitutional claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must show that the defendant acted with intentional discrimination against plaintiff or against a class of inmates which included plaintiff. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (plaintiff alleging violation of equal protection must allege membership in a protected class); *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736, 740 (9th Cir.2000); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Plaintiff has failed to allege that he is a member of a protected class or that Defendants acted with intentional discrimination against him. The Court concludes the Complaint fails allege facts to support a claim for

violation of the Equal Protection Clause of the Fourteenth Amendment against Defendants Judge Morse and the State of Alaska.

In *Bounds*, 430 U.S. at 817, the Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons who are trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). Plaintiff does not allege that he was a prisoner. The Court concludes the Complaint fails allege facts to support a claim for violation of his right to access to the courts against Defendants Judge Morse and the State of Alaska.

Where the running of the statute of limitations is apparent on the face of the complaint, dismissal for failure to state a claim is proper. *See Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993). Because section 1983 contains no specific statute of limitation, federal courts apply the forum state's statute of limitations for personal injury actions. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004); *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999). Before 2003, California's statute of limitations was one year. *Jones*, 393 F.3d at 927. Effective January 1, 2003, the limitations period was extended to two years. *Id.* (citing Cal. Civ. Proc. Code § 335.1). The two-years limitations period, however, does not apply retroactively. *Canatella v. Van de Kamp*, 486 F.3d 1128, 1132-22 (9th Cir. 2007) (citing *Maldonado*, 370 F.3d at 955).[1]

Unlike the length of the limitations period, however, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Hardin v. Staub*, 490 U.S. 536, 543-44 (1989) (federal law governs when a § 1983 cause of action accrues). "Under the traditional rule of accrual ... the tort cause of action accrues, and the statute of limitation begins to run, when the wrongful act or omission results in damages." *Wallace*, 549 U.S. at 391; *see also Maldonado*, 370 F.3d at 955 ("Under federal law, a claim accrues when the plaintiff knows

---

[1] Alaska provides a two year statute of limitation. Alaska Stat § 09.10.070.

or has reason to know of the injury which is the basis of the action." ).  "The cause of action accrues even though the full extent of the injury is not then known or predictable."  *Wallace*, 549 U.S. at 391 (citation omitted).

Here, Plaintiff alleges several incidents occurred between December 1994 through November 1997.  Plaintiff filed this action approximately 14 years after Plaintiff knew of these incidents.  To the extent Plaintiff relies on these incidents to state a claim against Defendants Judge Morse and the State of Alaska, those claims are barred by the statute of limitations.

In addition, Plaintiff seeks damages in the amount of $1,000,000 and punitive damages in the amount of $5,000,000.  Plaintiff has sued Defendant Judge Morse in his official capacity.  The Eleventh Amendment grants the states immunity from private civil suits. U.S. Const. amend. XI; *Henry v. County of Shasta*, 132 F.3d 512, 517 (9th Cir. 1997), as amended, 137 F.3d 1372 (9th Cir. 1998). "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (citing *Brandon v. Holt*, 469 U.S. 464, 471 (1985)).  Plaintiff seeks monetary relief against Defendants Judge Morse and the State of Alaska who are absolutely immune from liability for damages.  The Court concludes that Plaintiff's claims for damages against Defendants Judge Morse, in his official capacity, and the State of Alaska are barred.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Leave to Proceed in Forma Pauperis (ECF No. 2) is **GRANTED**.  The Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)&(iii).  No later than **THIRTY (30) DAYS** from the date of this Order, Plaintiff may file an amended complaint, which shall be entitled, "First Amended Complaint."  If Plaintiff does not file an amended complaint within thirty days, the Court will order this case to be closed.

DATED: May 16, 2011

**WILLIAM Q. HAYES**
United States District Judge